WILKINS, Chief Judge,
concurring in part and dissenting in part.
The majority opinion affirms the grant of summary judgment against each of the Appellants. Although I concur in that result with regard to all but two of the Appellants, I respectfully dissent from the holding that the City was entitled to summary judgment against Lance W. Carney and Charles E. Smith.
We review the grant of summary judgment de novo, viewing the disputed facts in the light most favorable to Appellants. See Figgie Int’l, Inc. v. Destileria Serralles, Inc., 190 F.3d 252, 255 (4th Cir. 1999). Summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fed.R.Civ.P. 56(c).
When employees are hired at a particular salary for hours that the parties contemplate will exceed 40 per week, the FLSA entitles the employees to a statutory overtime premium for each hour that they work in excess of 40 in a given week, in addition to the salary to which they agreed. See 29 C.F.R. § 778.325 (2004).[1] The majority holds, however, that the City properly paid Appellants only their agreed-upon salary because, as a matter of law, the parties agreed when Appellants were hired that the salary already included the statutory overtime premiums. See ante, at 461; 29 U.S.C.A. § 207(e)(5) (West 1998 & Supp.2004) (providing that an employee’s regular rate shall not include compensation provided at a premium rate for overtime hours).
This holding is not supported by the record. The parties stipulated that “[t]he City’s Wage Classification Plan specifies a firefighter’s base pay as a total annual, rather than hourly, pay based on the firefighter’s rank.” J.A. 93. They also stipulated that “[w]hen the City first interviews a firefighter before hiring, the City explains to that firefighter the nature of the rotating 24-hour-on/48-hour-off shifts” and that “[w]hen the City first hires a firefighter, the City explains to that firefighter his or her total annual pay.” Id. at 94. No other stipulations or evidence forecasted in the record indicates what Appellants and City representatives discussed when Appellants were hired.
The majority apparently interprets the stipulation that the City explained to the firefighters their “total annual pay” to mean that the City specifically explained that Appellants’ salary represented the total amount of compensation—including statutory overtime premiums—that they would receive for working the agreed-upon hours. But that is an erroneous in *463 terpretation, in my view. In the parties’ stipulations, the term “total annual [pay]” is contrasted with “hourly [pay]” simply to explain that the City’s Wage Classification Plan sets forth Appellants’ salaries in annual rather than hourly terms. Id. at 93. Thus, the stipulation that the City explains a firefighter’s “total annual pay” to him at the time of his hiring cannot establish as a matter of law anything more than that the City explains a firefighter’s base annual salary to him. See Rice v. Paladin Enters., 128 F.3d 233, 253 (4th Cir.1997) (holding that, on review of grant of summary judgment to defendant, stipulation must be interpreted in the light most favorable to plaintiff). The stipulation states nothing about whether the City informed Appellants that their base salary already included statutory overtime premiums.[2]
The City contends that even if Appellants did not agree at the time they were hired that their annual salary already included statutory overtime premiums, it established as a matter of law that Appellants subsequently agreed to that arrangement. The City argues that the paychecks of each Appellant clearly explained that his agreed-upon salary already included a statutory overtime premium and thus, by continuing to work without filing a formal complaint, Appellants implicitly agreed with the City’s determination of their regular rate.
I agree with the City with regard to most of the Appellants. See Bodie v. City of Columbia, 934 F.2d 561, 564 (4th Cir. 1991) (en banc) (quoting with approval statement in Shepler v. Crucible Fuel Co., 140 F.2d 371, 374 (3d Cir.1944), that “continuance in an employment under a new method of computing pay creates a new contract and that the employee’s consent to the new arrangement may be found from the continuance” (internal quotation marks omitted)); id. at 566 (citing with approval General Electric Co. v. Porter, 208 F.2d 805, 813 (9th Cir.1953), which held that employees, by continuing to work, implicitly agreed to employer’s unilateral change in method of payment that resulted in employees no longer receiving overtime). But see Mumbower v. Callicott, 526 F.2d 1183, 1187 (8th Cir.1975) (holding that an agreed-upon salary for agreed-upon hours does not include a statutory overtime premium unless the employer proves that the parties explicitly agreed that it would); Brennan v. Elmer’s Disposal Serv., 510 F.2d 84, 86 n. 1, 88 (9th Cir.1975) (same). The record here demonstrates that most of the Appellants claim that their FLSA rights had been violated for at least three years, see Rule 26(a)(1) Disclosures of Pis., Richard L. Fulmer, et al., at 2-6 (filed Dec. 2, 2002), a sufficient time to establish as a matter of law their awareness of the City’s regular rate computation and their implied consent to that calculation.
Appellants argue, however, that there is no basis to impute knowledge of, and agreement to, the City’s payment methods to all Appellants. Indeed, I can find no evidence in the record regarding how long *464 Carney and Smith worked for the City prior to joining this lawsuit. As far as the record reflects, these employees may have promptly joined in this suit shortly after beginning work with the City. Considering that each of the Appellants bargained separately with the City and was not part of a collective bargaining unit, I would hold that the City failed to prove as a matter of law that Carney and Smith agreed—implicitly or otherwise—that their base salary already included statutory overtime premiums. I therefore respectfully dissent from the majority opinion to the extent that it holds to the contrary.

. Section 778.325 explains, for example, that when an employee whose maximum hours standard is 40 (such as Appellants) is hired at a salary of $275 per week for 55 hours, he is entitled to receive the $275 for a 55-hour workweek plus a statutory overtime premium for each of the 15 hours he worked in excess of 40.

. It also appears that the majority may place the burden on Appellants to prove the nonexistence of such agreements. See ante, at 461 ("There is simply no evidence to support the firefighters’ contention that they did not agree for their annual pay to include an overtime premium.”). But, in fact, the City bears the burden of proving the existence of the agreements because the City is attempting to use the agreements to justify its exclusion of a portion of Appellants’ wages in determining Appellants’ regular rates. See 29 U.S.C.A. § 207(e)(5); cf. Clark v. J.M. Benson Co., 789 F.2d 282, 286 (4th Cir.1986) (holding that employer bears the burden of proving applicability of FLSA exemptions). The City correctly conceded as much at oral argument.